## PATRICK v HARTZELL-GOLDBERGER CO.

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 16, 1931

J. A. Willo, Youngstown, for plaintiff in error.

David Steiner, Youngstown, for defendant in error.

FARR, J.

It will be observed that the Court of Common Pleas does not assign any reason for the dismissal of the appeal, simply that it should be dismissed. It may have been on either or both grounds, but both no doubt relate to the failure to give proper bond. It was urged in behalf of the plaintiff in error that the entry of the judgment in the Municipal Court does not disclose upon what ground the first judgment was set aside and the second judgment entered. It is obvious that if the second judgment entered was a valid judgment, that the appeal would be perfected within the statutory time. If not, it would not be perfected within the statutory period. However, the consideration of that question is not reached at the present time.

It was also urged that there was no record before this Court disclosing why the Municipal Court entered a judgment a second time, that there is nothing disclosed in that behalf, but, as before stated, the consideration of that question is not necessary at the preesnt time.

In the brief of defendant in error it is said:

"It will be noted that both parties agree that the judgment originally entered and as rendered on March 6th by the trial court, gave judgment in the sum of $250.00 and costs. The bond, as fixed by the court, and as filed, is in the amount of $500.00, which is not double the amount of the judgment and costs as required by law."

This was the amount of bond fixed by the trial court when the second judgment was entered, but evidently it does not comply with the requirements of the statute, because bond in double the amount of judgment and costs is required to be given. It does not appear why the trial court sustained the motion but the motion provides that bond was not given as provided by law. It is a principle well settled in Ohio that a bond if not correct, may be amended so that if the party appealing had the right to appeal he would have the right to have the bond amended to conform to the statute; **Austin, et al. v. Morris, et al., 103 Oh St, 449; Johnson v Johnson, 31 Oh St, 131;** In re Estate of Ziegler, S. O. D. 54; the statute itself, §11363 GC, being sufficiently broad to permit such amendment. Therefore, the trial court should not have sustained the motion. As far as disclosed by the entry it would cover any ground, anything for which the appeal might have been dismissed, but not being specified on what ground the appeal was dismissed, and the party appealing having the right to amend or correct the bond, and the other question not being before the court, it follows that the judgment must be reversed and the cause remanded. No opinion is expressed upon the other proposition. The judgment is reversed and the cause remanded.

ROBERTS and POLLOCK, JJ, concur.